UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

EMMANUEL GUOBADIA,

           Defendant.

**DECISION AND ORDER**

6:16-CR-06036 EAW

Defendant Emmanuel Guobadia ("Defendant"), proceeding *pro se*, has been charged in an eight-count Indictment, including four counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and four counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. (Dkt. 6). Defendant filed a motion on January 2, 2019, requesting that the Court order the Government to produce various cell phones and computers as well as the records associated with each device for Defendant's review. (*See* Dkt. 106). Defendant also seeks an adjournment of the trial date set for March 15, 2019, to allow him to fully inspect these materials in preparation for trial. (*See id.* at 2). The Government filed a response indicating that it had already "provided the defendant with full images of the computer hard drives for review," but also stating that it has "no objection to *reimaging* the computers in order for a defense expert to conduct an examination of the drives." (Dkt. 108 at 2). However, the Government objects to Defendant's request for the production of "the actual computers . . . without an order from the Court" requiring such action, and requests that a "defense expert be required to explain the specific need for the actual computers as opposed to an exact hard drive image" before the Court requires the

- 1 -

production of the devices themselves. (*Id.*). Based upon the parties' papers, and the discussions held on the record at an appearance on December 7, 2018, the Court construes Defendant's motion as requesting, at least in part, court approval of costs incurred in retaining a computer forensic expert.

The Criminal Justice Act (the "CJA") provides that an indigent criminal defendant may seek court authorization to incur costs to obtain "investigative, expert, or other services necessary for adequate representation." 18 U.S.C. § 3006A(e)(1); *see United States v. Salameh*, 152 F.3d 88, 118 (2d Cir. 1998) (explaining that "[s]ervices 'necessary for an adequate defense' include 'preparation for cross-examination of a government expert as well as presentation of an expert defense witness'" (quoting *United States v. Oliver*, 626 F.2d 254, 260 (2d Cir. 1980))). If a criminal defendant is financially unable to secure such "services," and they are in fact "necessary" for the defendant to mount an adequate defense, the Court must "authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1); *see United States v. Ullah*, No. 04-CR-30A, 2006 WL 2375459, at *1 (W.D.N.Y. Aug. 14, 2006) (noting that "the Court must find that the services of an investigator and an expert witness are 'necessary' to the defendant's defense" in order to authorize their retention and the "payment of those services" under the CJA). The decision to authorize expert compensation under the CJA "is committed to the discretion of the district court." *United States v. Bah*, 574 F.3d 106, 118 (2d Cir. 2009); *see Salameh*, 152 F.3d at 118 (stating that a district judge is "obligated to exercise his discretion in determining whether such services are necessary" (quoting *Oliver*, 626 F.2d at 260)).

At the time the CJA was last amended in 2010, the statute set a statutory cap of $2,400 for expert compensation "unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(e)(3). According to the CJA guidelines, the statutory cap for such compensation is presently $2,500 for services performed since January 1, 2016. *See* U.S. Courts, *Guide to Judiciary Policy, Vol. 7 - Defender Services*, § 310.20.10(a) (May 17, 2017); *see also* 18 U.S.C. § 3006A(e)(5) ("The dollar amounts provided in paragraphs (2) and (3) shall be adjusted simultaneously by an amount, rounded to the nearest multiple of $100, equal to the percentage of the cumulative adjustments taking effect under section 5303 of title 5 in the rates of pay under the General Schedule since the date the dollar amounts provided in paragraphs (2) and (3), respectively, were last enacted or adjusted by statute.").

The Government has confirmed that it intends to introduce the computer and cellular devices at trial. (Dkt. 108 at 1-2). Defendant, an indigent, is thus financially unable to secure an expert consultant to examine evidence important to the Government's case-in-chief. *See Salameh*, 152 F.3d at 118. Therefore, pursuant to 18 U.S.C. § 3006A(e), the Court authorizes Defendant to retain a computer forensic expert, who may be compensated up to $2,500 for any services rendered in this case. To the extent that any such expert's services will exceed that amount, Defendant will be required to seek further approval, including ultimate approval from the Second Circuit. *See* 18 U.S.C. § 3006A(e)(3).

However, with respect to Defendant's request to adjourn the trial, the scope of any expert examination and the time that it will take is not clear. While the Government does not object to an adjournment of the trial date so that Defendant may "conduct a forensic examination of the electronic evidence" (Dkt. 108 at 2), it is not clear whether the scope of the expert examination would warrant a continuance. The Court is reluctant to adjourn the trial in this case which has been pending for some time and with the trial date having been scheduled over two months ago. On the other hand, the Court also recognizes the need for Defendant to be adequately prepared for trial. If an adjournment is necessary, the decision to grant a continuance must be made as soon as possible. Accordingly, the Court requires additional information concerning the scope of any expert examination in order to make a decision concerning the request to adjourn the trial.

In sum, Defendant's request for the court-approved retention and payment of a computer forensic expert is granted. Defendant's expert may be compensated up to $2,500 for any services rendered in this case. Defendant's stand-by counsel, Lindsey Pieper, Esq., is ordered to assist Defendant at his request to hire an expert. Ms. Pieper is directed to contact Defendant for purposes of discussing the same and is encouraged to consult with the Federal Public Defender's Office for the Western District of New York for the purpose of identifying an expert if necessary. <u>By January 25, 2019</u>, Defendant must identify with specificity how much time his retained expert will require to conduct the requested examination so that the Court may appropriately evaluate whether an adjournment of the trial is necessary. To the extent that Defendant's motion seeks images of the computers and the records associated with the subject devices, the Government has responded that the

information has already been produced but it has indicated a willingness to reproduce the information and, therefore, Defendant's request in that regard is denied without prejudice on the grounds that it is moot. To the extent that Defendant seeks the production of the actual computers, that request is denied without prejudice and may be renewed upon a properly supported request from the expert once retained, if necessary. The Court would expect that once an expert is retained, the details of an examination may be arranged with the Government and without further Court intervention, but if necessary, the Court will consider any further requests to the extent the parties are unable to reach agreement.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: January 15, 2019
Rochester, New York