

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

EMMANUEL GUOBADIA,

Defendant.
_____

SCHEDULING AND SPEEDY TRIAL ORDER

6:16-CR-06036 EAW

Defendant Emmanuel Guobadia ("Defendant"), proceeding *pro se*, has been charged in an eight-count Indictment with four counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and four counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. (Dkt. 6). On August 27, 2018, United States Magistrate Judge Jonathan W. Feldman, to whom this matter was referred pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), issued a Report and Recommendation ("R&R") addressing Defendant's pretrial motions. (Dkt. 72). Since that time, Defendant elected to have counsel assigned (Dkt. 76; Dkt. 78)[1], and then he subsequently elected to proceed *pro se* (Dkt. 94; Dkt. 98).

Pending before the Court are Defendant's *pro se* objections to the R&R filed on December 10, 2018 (Dkt. 95), as well as Defendant's counseled objections to the R&R filed on November 8, 2018 (Dkt. 88; *see* Dkt. 94 & Dkt. 97 (confirming Defendant's

_____

[1] At the time the Report and Recommendation was filed, Defendant was representing himself, having been previously represented by three separate court-appointed attorneys (Assistant Federal Public Defender Anne M. Burger, James L. Riotto, II, Esq., and Jon P. Getz, Esq.).

- 1 -

request that the Court continue to consider the counseled objections even though he now is proceeding *pro se*)).

The Government filed responses to the objections on November 26, 2018 (Dkt. 89), and December 20, 2018 (Dkt. 101), and on January 9, 2019, Defendant made two filings in reply and in further support of his objections to the R&R (Dkt. 109; Dkt. 110).

In addition, Defendant has filed a *pro se* Motion to Dismiss (Dkt. 96) (the Government's response filed at Docket 101 addressed that motion), and during the court appearance on February 1, 2019, Defendant handed up four additional motions (Dkt. 118 (Motion to Permit Inspection of Record of Grand Jury Proceedings); Dkt. 119 (Motion to Dismiss for Lack of Proper Venue); Dkt. 120 (Motion for Production of Grand Jury Records); and Dkt. 121 (Motion to Dismiss for Improper Element on Indictment)).[2] On February 1, 2019, Defendant also requested that the Court allow him to present oral argument on the pending motions and objections.

Although the Court indicated by Text Order dated December 10, 2018, that upon the filing of Defendant's reply on January 9, 2019, the objections to the R&R and the Motion to Dismiss would be taken under advisement without any further oral argument (Dkt. 97), because Defendant has requested oral argument, the Court will permit him to present oral argument consistent with the time limitations imposed for purposes of judicial

---

[2] At the appearance on February 1, 2019, Defendant indicated that he had also mailed these four motions, but at the time the Court had not received the motions. On Monday, February 4, 2019, the Clerk's Office received by mail four motions from Defendant, but because the Court has confirmed that they are duplicative of the motions handed up to the Court on February 1, 2019, it has directed the Clerk's Office not to file the four motions received by mail.

efficiency as discussed during the court appearance on February 1, 2019. Within the confines of those time limitations, the parties may address any issue involved with the various pending motions as set forth herein during oral argument.

**<u>Oral argument on the pending motions is hereby set for Monday, February 25, 2019, at 2:30 PM. In addition, the Government shall file a response to the most recently filed motions by Defendant (Dkt. 118; Dkt. 119; Dkt. 120; Dkt. 121) on or before February 19, 2019.</u>**

Because motions are pending and because the Court does not presently have everything it expects from the parties prior to the Court making its decision, *see United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983) (30-day advisement prior under Speedy Trial Act "begins once the court has everything it expects from the parties prior to making a decision" (citing *United States v. Bufalino*, 683 F.2d 639 (2d Cir. 1982))), the time remains excluded from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 4, 2019
Rochester, New York