UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

EMMANUEL GUOBADIA,

Defendant.

**DECISION AND ORDER**

6:16-CR-06036 EAW

Defendant Emmanuel Guobadia ("Defendant"), proceeding *pro se*, has been charged in an eight-count Indictment returned on April 28, 2016, with four counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and four counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. (Dkt. 6). Numerous motions are presently pending before the undersigned, as addressed below. Familiarity with the underlying facts and prior decisions in this case is presumed for purposes of this Decision and Order, which is intended primarily for review by the parties.

### REPORT AND RECOMMENDATION
### AS TO MOTIONS TO SUPPRESS

On August 27, 2018, United States Magistrate Judge Jonathan W. Feldman, to whom pretrial matters had been referred pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) (Dkt. 7), issued a Report and Recommendation ("R&R") (Dkt. 72) recommending that Defendant's Motion to Suppress (Dkt. 46) and Supplemental Motion to Suppress (Dkt. 53) be denied. Defendant filed both *pro se* objections (Dkt. 95) and counseled objections (Dkt. 88). The Government filed responses to those objections. (Dkt. 89; Dkt. 101). Defendant then filed a Motion for Miscellaneous Relief (Dkt. 109), which appears to constitute a reply

in further support of his objections. Oral argument was held before the undersigned on February 25, 2019. (Dkt. 130).

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

The R&R concluded that the October 15, 2013, search warrant for Room 311 of the Sundown Suites in Jonesboro, Georgia, was supported by probable cause. (Dkt. 72 at 3-5). Moreover, Judge Feldman concluded that "Guobadia has not elicited or provided any admissible evidence suggesting, much less demonstrating, that the search warrants were infected by improper conduct or forged signatures." (*Id*. at 7).

With respect to the statements that Defendant sought to suppress, Judge Feldman rejected Defendant's argument that his October 16, 2013, statements should be suppressed because he did not sign the waiver form, concluding that even if Defendant did not sign the form (a fact contested by the Government), there was no legal requirement that the form be signed and Defendant waived his *Miranda* rights through his course of conduct. (*Id*. at 8-11). With respect to Defendant's April 13, 2016, statements, Judge Feldman concluded: (1) Defendant's identification of his attorney in response to a request for emergency contact

information was not an invocation of his Fifth Amendment right to counsel; and (2) Defendant waived his Fifth Amendment rights. (*Id.* at 11-16).

In his *pro se* objections and reply, Defendant appears to argue that the disposition of state charges in Georgia based upon evidence gathered pursuant to the search warrant requires dismissal of these federal charges. (Dkt. 95). In his counseled objections, Defendant argues that probable cause was lacking for the search warrant because there was not a sufficient nexus between the criminal conduct alleged and the place to be searched and things to be seized. (Dkt. 88 at 6). Defendant contends that the fact that his estranged wife Keyonna was believed to have committed credit card fraud did not support an inference that Defendant was involved in criminal activity. (*Id.* at 8-9). With respect to the statements, Defendant continues to deny that he signed the *Miranda* waiver form before making statements on October 16, 2013 (*id.* at 9-10), and he contends that he was never provided *Miranda* warnings on April 13, 2016 (*id.* at 10-11).

Based upon the Court's *de novo* review of the R&R, it agrees with Judge Feldman and therefore adopts the R&R in its entirety. To the extent Defendant argues that the disposition of his state court case warrants dismissal and suppression, this is the same argument raised by Defendant in his motion to dismiss, and for the reasons set forth below, it is without merit. Moreover, while Defendant's *pro se* submission is not a model of clarity, the Court has carefully reviewed the submission, and there are no other issues raised therein justifying suppression of the evidence or altering this Court's conclusion that the R&R appropriately recommended denial of any suppression motion.

In addition, contrary to the arguments raised in Defendant's counseled submission, the probable cause determination was based on first-hand information of an identified source who personally interacted with Defendant and moved equipment into a hotel room, and who also advised law enforcement that Defendant moved to Room 311, where the search was executed. (*See* Dkt. 88-1 at 1-3). To the extent Defendant cites to the search warrant application being signed by one detective, but the supporting affidavit being signed by another detective (Dkt. 88 at 4), that has no impact on the probable cause determination, *see Franks v. Delaware*, 438 U.S. 154, 165 (1978) ("probable cause may be founded upon hearsay and upon information received from informants").

With respect to the statements that Defendant sought to suppress, Judge Feldman conducted an evidentiary hearing where Investigator Deaton and Special Agent Messinger testified as to the circumstances surrounding the statements obtained from Defendant on October 16, 2013, and April 13, 2016, respectively. (*See* Dkt. 69). Judge Feldman credited these witnesses' testimony, and after reviewing the transcripts of the testimony, this Court finds no reason to reject Judge Feldman's credibility determinations. Indeed, the video and audio recordings admitted into evidence at the hearing before Judge Feldman corroborate the witnesses' testimony. In conducting its *de novo* review, the district court must give appropriate deference to the credibility determinations made by the magistrate judge who conducted an evidentiary hearing and observed the witness testimony. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the

District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings."); *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) ("The district court, however, may not reject the magistrate judge's credibility findings without conducting an evidentiary hearing at which the district court has the opportunity to observe and evaluate witness credibility in the first instance.").

Accordingly, for the reasons set forth above, and as set forth more fully in the R&R, this Court adopts the R&R in its entirety and Defendant's suppression motions (Dkt. 46; Dkt. 53) are denied.

## **MOTION TO DISMISS INDICTMENT ON DOUBLE JEOPARDY GROUNDS**

Defendant has filed a Motion to Dismiss Indictment (Dkt. 96) wherein he contends that this federal prosecution is barred on double jeopardy grounds because he was previously charged in Georgia State Court and that state court prosecution was dismissed. The Government filed a response to that motion to dismiss (Dkt. 101), and Defendant has filed a Motion for Miscellaneous Relief (Dkt. 110) that appears to be a reply in further support of his motion to dismiss on double jeopardy grounds. Oral argument was held before the undersigned on February 25, 2019. Pursuant to the Court's request, the Government by letter, dated March 5, 2019, provided the Court with the Georgia State Court Administrative Dismissal Order. In addition, Defendant has provided the same

Administrative Dismissal Order and other material related to the state court prosecution. (Dkt. 133).

According to the Administrative Dismissal Order and accompanying documents provided by Defendant, he was charged in Georgia with state crimes of identity fraud and financial transaction card theft. (*Id.* at 2). However, because Defendant was indicted federally in this case, the Clayton County District Attorney's Office moved to administratively dismiss the state charges for purposes of judicial economy. (*Id.*). The Georgia State Court granted that motion. (*Id.*).

Contrary to Defendant's arguments, this federal prosecution is not barred by the Georgia Administrative Dismissal Order. "The double jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *United States v. Persico*, 832 F.2d 705, 710 (2d Cir. 1987). Here, Defendant was neither acquitted nor convicted in Georgia State Court—rather, the case was administratively dismissed for purposes of judicial economy. Thus, jeopardy never attached with respect to the Georgia State Court prosecution. *See United States v. Raymer*, 941 F.2d 1031, 1038 (10th Cir. 1991) (finding that "jeopardy never attached in the Oklahoma state prosecution" where, "[p]rior to any trial, the Oklahoma prosecution was dismissed in lieu of federal prosecution" (citing *United States v. Liddy*, 542 F.2d 76, 80 (D.C. Cir. 1976))); *United States v. Wilkens*, 338 F. Supp. 3d 387, 394 n.22 (E.D. Pa. 2018) (noting that "the related state court proceeding was withdrawn on December 10, 2015, after Defendant was indicted in this Court on October 29, 2015, and as no determination of Defendant's culpability was

made in the state court proceeding, jeopardy did not attach" (citing *Serfass v. United States*, 420 U.S. 377, 391-92 (1975))); *United States v. Qazi*, No. 2:15-CR-00014-APG-VCF, 2015 WL 10353143, at *2 (D. Nev. Sept. 1, 2015) (denying motion to dismiss the indictment on double jeopardy grounds where "the state charges were dismissed when the federal government commenced these proceedings"), *report and recommendation adopted*, 2016 WL 738696 (D. Nev. Feb. 23, 2016); *United States v. Williams*, No. 05-05-125-01, 2011 WL 816752, at *1 (E.D. Pa. Mar. 7, 2011) ("The other possible basis for defendant's argument, and the one which defendant principally relies upon, stems from the fact that the defendant was initially prosecuted in the state courts, and that the state charges were withdrawn in favor of the federal prosecution. Unfortunately for the defendant, however, it is very clear that jeopardy did not ever attach in the state-court proceedings. Since he was never brought to trial in that forum, his later prosecution in this court cannot give rise to a valid claim of double jeopardy."); *see also Newton v. United States*, No. CIVA CV-04-3885 DGT, 2007 WL 2891405, at *3 (E.D.N.Y. Sept. 28, 2007) (denying motion to vacate the sentence on double jeopardy grounds where, "[u]pon being transferred to federal custody[,] . . . [the petitioner's] state charges were dismissed" before a jury was empaneled and sworn in); *see generally United States v. Dionisio*, 503 F.3d 78, 83 (2d Cir. 2007) ("[T]he the key issue, even in a pretrial context, is whether the disposition of an individual's indictment entailed findings of facts on the merits such that the defendant was placed in genuine jeopardy by the making of such findings.").

Moreover, even if the Georgia State Court prosecution had been resolved on the merits, the "well-established . . . doctrine of dual sovereignty . . . holds that a state

prosecution does not bar a subsequent federal prosecution of the same person for the same act." *United States v. Coonan*, 938 F.2d 1553, 1562 (2d Cir. 1991). It is based on the concept that "a defendant whose conduct violates the laws of two sovereigns has 'committed two different offenses by the same act'" which can be prosecuted by the two separate sovereigns without violating double jeopardy. *United States v. All Assets of G.P.S. Automotive Corp.*, 66 F.3d 483, 493 (2d Cir. 1995) (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)). Although the so-called *Bartkus* exception[1] provides that the Double Jeopardy Clause may be violated despite single prosecutions by separate sovereigns where one prosecuting sovereign is shown to be a tool of the other, the exception is only applied in "extraordinary circumstances" not present here. *Id.* at 494. *See United States v. Castro*, 659 F. Supp. 2d 415, 419 (E.D.N.Y. 2009) ("A defendant asserting this narrow exception carries the burden to show that the 'state and federal prosecutions are so intertwined as to undermine the assumption that two supposedly independent criminal actions were prosecuted by separate sovereigns.'" (citation omitted)), *aff'd*, 411 F. App'x 415 (2d Cir. 2011). Thus, the Double Jeopardy Clause does not bar the prosecution of Defendant in this case, even though he was previously charged in Georgia State Court.

The Court has reviewed all other arguments raised in Defendant's Motion to Dismiss Indictment (Dkt. 96) and finds them to be without merit. Accordingly, Defendant's motion is denied.

---

[1] The exception is named after *Bartkus v. Illinois*, 359 U.S. 121 (1959).

## **DEFENDANT'S MOTIONS ADDRESSED TO GRAND JURY MATERIAL**

On February 1, 2019, Defendant filed a motion to inspect the transcript and minutes of the grand jury. (Dkt. 118). Defendant contends that inspection is needed for adequate trial preparation, and he also suggests that he needs early disclosure of Jencks Act material. (*Id.* at 1). Defendant also filed a motion on the same date seeking to compel the production of grand jury material, contending that this material is necessary to support his motion to dismiss. (Dkt. 120). The Government filed papers in opposition to the motions on February 19, 2019. (Dkt. 128). On March 11, 2019, Defendant filed a reply (Dkt. 131), arguing that the Government's response was untimely.

As an initial matter, Defendant's argument about the alleged untimeliness of the Government's response is without merit. The Government filed its response in accordance with the deadline set by the Court in its Order entered on February 4, 2019. (Dkt. 125). Furthermore, while the Government raises similar arguments with respect to the untimeliness of Defendant's motions (Dkt. 128 at 2), the Court specifically does not reach that issue because, even if timely filed, Defendant's motions are without merit.

Disclosure of grand jury proceedings is permitted upon a showing that a "ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "[A] presumption of regularity attaches to grand jury proceedings. . . ." *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). Accordingly, "a defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury

deliberations." *United States v. Forde*, 740 F. Supp. 2d 406, 413 (S.D.N.Y. 2010) (citing *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978)); *see also Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959) ("The burden . . . is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy.").

> A party makes a showing of particularized need by proving "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."

*In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

Here, Defendant has wholly failed to meet his burden to justify disclosure of grand jury material. Moreover, to the extent Defendant seeks early disclosure of Jencks Act material, by its terms the Act in question provides that no such statement is subject to subpoena, discovery, or inspection until after the witness has testified on direct examination. 18 U.S.C. § 3500(a); *see United States v. Coppa*, 267 F.3d 132, 145-46 (2d Cir. 2001) (holding that district court exceeded authority when it ordered the government to immediately disclose all impeachment evidence). Thus, Defendant's motion is denied. However, pursuant to the Court's standard instructions set forth as part of its Pretrial Order, it expects that the Government will produce the relevant information at least thirty days before trial. (*See* Dkt. 123 at 3).

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROPER VENUE

On February 1, 2019, Defendant filed a Motion to Dismiss for Lack of Proper Venue. (Dkt. 119). The Government filed papers in opposition to that motion on February

19, 2019. (Dkt. 128). On March 11, 2019, Defendant filed a reply (Dkt. 131), arguing that the Government's response was untimely. For the same reasons set forth above, Defendant's timeliness argument has no merit.

"A defendant's right to be tried in the state and district in which the charged crime 'shall have been committed' is ground in two provisions of the Constitution, *see* U.S. Const. art. III, § 2, cl. 3; *id.* amend. VI, and reiterated in Fed. R. Crim. P. 18." *United States v. Davis*, 689 F.3d 179, 184-85 (2d Cir. 2012). However, venue is not an element of any crime, and therefore need only be proved by a preponderance of the evidence. *Id.* at 185. Moreover, where the commission of the crime spans more than one district, pursuant to 18 U.S.C. § 3237(a), the offense may be prosecuted "in any district in which such offense was begun, continued, or completed."

Here, the Indictment alleges that the offenses occurred in this district and elsewhere. (Dkt. 6). The Government contends that one of the victims of Defendant's alleged crimes was located in the Western District of New York at all relevant times, and that wire communications occurred with the victim and funds were deposited into and withdrawn from her bank accounts located in this district. (Dkt. 128 at 5-6). Based upon the information set forth by the Government, at least at this stage of the proceedings, Defendant's motion to dismiss on venue grounds must be denied. *See United States v. Abdalla*, 334 F. Supp. 3d 582, 587 (S.D.N.Y. 2018) ("Prior to trial, the Government 'need only allege that criminal conduct occurred within the venue, "even if phrased broadly and without a specific address or other information."' '[T]he Government's burden is limited to showing that the indictment alleges facts sufficient to support venue.'" (citations

omitted)); *United States v. Riley*, No. 13 CR. 339(RPP), 2014 WL 53440, at *3 (S.D.N.Y. Jan. 7, 2014) ("Where venue is challenged on a pretrial motion to dismiss, 'the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue.' 'The question of whether there is sufficient evidence to support venue is appropriately left for trial.'" (citations omitted)).

Ultimately, the issue may be addressed at trial through a motion pursuant to Fed. R. Crim. P. 29 and potentially by the jury. *See Davis*, 689 F.3d at 185 n.2 (raising question as to whether venue disputes must be submitted to a jury). However, at this stage of the proceedings, Defendant's Motion to Dismiss for Lack of Proper Venue (Dkt. 119) is denied.

## DEFENDANT'S MOTION TO DISMISS INDICTMENT

On February 1, 2019, Defendant filed a Motion to Dismiss for Improper Element on Indictment. (Dkt. 121). The Government filed papers in opposition to that motion on February 19, 2019. (Dkt. 128). On March 11, 2019, Defendant filed a reply (Dkt. 131), arguing that the Government's response was untimely. For the same reasons set forth above, Defendant's timeliness argument has no merit, and the Court declines to reach the Government's timeliness argument.

A pre-trial motion to dismiss an indictment under Rule 12 must satisfy a "high standard." *United States v. Lazore*, 90 F. Supp. 2d 202, 203 (N.D.N.Y. 2000). "In deciding a motion to dismiss an indictment for failure to state a criminal offense, a court must assume the truth of the allegations in the indictment and determine whether the indictment is valid on its face." *United States v. Larson*, No. 07-CR-304S, 2011 WL 6029985, at *1

(W.D.N.Y. Dec. 5, 2011) (citing *United States v. Bicoastal Corp.*, 819 F. Supp. 156, 158 (N.D.N.Y. 1993)). This Court may not "look beyond the face of the indictment and draw inferences as to the proof that would be introduced by the government at trial." *Id.* (quoting *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998)) (alterations omitted).

Federal Rule of Criminal Procedure 7(c) requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Fed. R. Crim. P. 7(c)(1). An indictment is "sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Alfonso*, 143 F.3d at 776 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) ("An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events."). The indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Alfonso*, 143 F.3d at 776 (quotation omitted).

Here, the Indictment plainly satisfies this requirement and Defendant has failed to establish any basis for dismissal at this stage of the proceedings. Accordingly, the Motion to Dismiss for Improper Element on Indictment (Dkt. 121) is denied.

## DEFENDANT'S OTHER PENDING MOTIONS

On February 19, 2019, Defendant filed a Motion for Miscellaneous Relief (Dkt. 129), that appears to seek to preclude evidence for the same reasons set forth in the suppression motions. For the reasons set forth above and as further set forth in the R&R, this motion is denied.

On March 27, 2019, Defendant filed a Motion for Miscellaneous Relief (Dkt. 135), seeking authorization to cover the costs of retaining a private investigator. As the Court indicated during the court appearance on April 1, 2019, this request is granted consistent with the provisions of 18 U.S.C. § 3006A.

Finally, because Defendant's submissions have been filed on a *pro se* basis, and are not a model of clarity, the Court notes that it has carefully reviewed all of Defendant's submissions, and to the extent any additional relief was clearly requested in any of the pending motions that has not been specifically addressed in this Decision and Order, the Court has found any such requests for relief to be without merit and they are therefore denied.

## CONCLUSION

For the foregoing reasons, Defendant's pending motions (Dkt. 46; Dkt. 53; Dkt. 96; Dkt. 109; Dkt. 110; Dkt. 118; Dkt. 119; Dkt. 120; Dkt. 121; Dkt. 129) are denied with the exception of the request to retain an expert witness (Dkt. 135) which is granted as stated on the record on April 1, 2019, and the Court adopts the Report and Recommendation (Dkt 72) in its entirety.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: April 15, 2019
Rochester, New York