

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

EMMANUEL GUOBADIA,

Defendant.

**DECISION AND ORDER[1]**

6:16-CR-06036 EAW

## BACKGROUND

Defendant Emmanuel Guobadia ("Defendant"), proceeding *pro se*, has been charged in an eight-count Indictment returned on April 28, 2016, with four counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and four counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. (Dkt. 6). On January 15, 2019, the Court issued a Decision and Order granting "Defendant's request for the court-approved retention and payment of a computer forensic expert." (Dkt. 112 at 4). The Court approved compensation for expert services up to the statutory maximum allowed under the Criminal Justice Act (the "CJA"). (*Id.*); *see* 18 U.S.C. § 3006A(e)(3). However, the Court explained, "[t]o the extent that any such expert's services will exceed that amount, Defendant will be required to seek further approval, including ultimate approval from the Second Circuit." (Dkt. 112 at 3).

---

[1]     Portions of this Decision and Order have been redacted, reflecting information concerning the specifics of the request submitted by Defendant to the Court on an *ex parte* basis. An unredacted version of this Decision and Order will be filed under seal.

On April 22, 2019, Defendant's standby counsel, Lindsey Pieper, Esq., sent an email

to the Court's law clerk forwarding an email from Defendant's forensic expert, ████

████████████████████████████████████████████████████████████████████

██████████ (Dkt. 139).[2] ███████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████

On April 23, 2019, Ms. Pieper responded with an additional email communication

████████████████████████████████████████████████████████████████████

---

[2]    To ensure that the record is complete, the Court has arranged to file the email communication on the docket under seal. However, as noted herein, any subsequent request must be made by motion.

██████████████████████ (Dkt. 140).[3] ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

## DISCUSSION

The CJA provides that an indigent criminal defendant may seek court authorization to incur costs to obtain "investigative, expert, or other services necessary for adequate representation." 18 U.S.C. § 3006A(e)(1); *see United States v. Salameh*, 152 F.3d 88, 118 (2d Cir. 1998) (explaining that "[s]ervices 'necessary for an adequate defense' include 'preparation for cross-examination of a government expert as well as presentation of an expert defense witness'" (quoting *United States v. Oliver*, 626 F.2d 254, 260 (2d Cir. 1980))). If a criminal defendant is financially unable to secure such "services," and they are in fact "necessary" for the defendant to mount an adequate defense, the Court must "authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1); *see United States v. Ullah*, No. 04-CR-30A, 2006 WL 2375459, at *1 (W.D.N.Y. Aug. 14, 2006) (noting that

---

[3] The Court has also arranged to file this email communication on the docket under seal to ensure the existence of a complete record.

"the Court must find that the services of an investigator and an expert witness are 'necessary' to the defendant's defense" in order to authorize their retention and the "payment of those services" under the CJA). The decision to authorize expert compensation under the CJA "is committed to the discretion of the district court." *United States v. Bah*, 574 F.3d 106, 118 (2d Cir. 2009).

At the time the CJA was last amended in 2010, the statute set a statutory cap of $2,400 for expert compensation "unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(e)(3). According to the CJA guidelines, the statutory cap for such compensation is presently $2,500 for services performed since January 1, 2016. *See* U.S. Courts, Guide to Judiciary Policy, Vol. 7 - Defender Services, § 310.20.10(a) (May 17, 2017); *see also* 18 U.S.C. § 3006A(e)(5) ("The dollar amounts provided in paragraphs (2) and (3) shall be adjusted simultaneously by an amount, rounded to the nearest multiple of $100, equal to the percentage of the cumulative adjustments taking effect under section 5303 of title 5 in the rates of pay under the General Schedule since the date the dollar amounts provided in paragraphs (2) and (3), respectively, were last enacted or adjusted by statute.").

As noted above, the Court previously authorized $2,500 in compensation for the forensic expert's services. ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

[REDACTED] To be clear, the Government has previously provided forensic images of at least some of the seized devices to Defendant. However, Defendant has expressed unspecified concerns over the integrity of the images supplied by the Government and he has demanded an opportunity for his own expert to examine the devices. The Government has been willing to make the devices available for examination by Defendant's expert and the Court previously approved the $2,500 amount for purposes of allowing the same. [REDACTED]

This Court's approval of Defendant's request is contingent upon his ability to demonstrate that the additional funding is "necessary to provide fair compensation for services of an unusual character or duration." 18 U.S.C. § 3006A(e)(3). The Second Circuit has explained in general terms that because "a defendant requesting public funds pursuant to § 3006A(e) has the burden of satisfying the district court that the services are reasonably necessary, he 'must articulate a reasonable basis for [the requested services].'" *United States v. Sanchez*, 912 F.2d 18, 22 (2d Cir. 1990) (quoting *United States v. Norwood*, 798 F.2d 1094, 1100 (7th Cir. 1986)); *see generally Bah*, 574 F.3d at 119

(acknowledging that the request and cost estimate must be "sufficiently specific" (citing *United States v. Knox*, 540 F.3d 708, 717-19 (7th Cir. 2008))). As such, while a district court should approve an expenditure "when underlying facts reasonably suggest that further exploration may prove beneficial to the accused in the development of a defense to the charge," the court "need not authorize an expenditure under [§ 3006A(e)] for a mere fishing expedition. . . ." *Sanchez*, 912 F.2d at 22 (quoting *United States v. Schultz*, 431 F.2d 907, 911 (8th Cir. 1970)). Additionally, consistent with the statutory language, a defendant seeking to procure services in excess of the statutory maximum should demonstrate that the services are of an "unusual character or duration." *See, e.g., United States v. Johnson*, 391 F.3d 946, 948 (8th Cir. 2004) ("If the defendant seeks funding in excess of [the maximum statutory] amount, . . . he must show that the funds are necessary to provide fair compensation for services of an unusual character or duration." (quotation omitted)), *judgment vacated and remanded as recognized by United States v. Obasi*, 435 F.3d 847, 852 (8th Cir. 2006); *United States v. Gossett*, 877 F.2d 901, 903-04 (11th Cir. 1989) (finding that "the district court did not abuse its discretion in refusing [the defendant's] request for additional funds [for investigative services]" because the defendant "failed to establish a need for additional funds"); *United States v. Erb*, 596 F.2d 412, 421-22 (10th Cir. 1979) ("[T]he defendants have failed to establish a necessity or justification for an allowance beyond the [statutory maximum] for the services rendered."); *United States v. Crim*, 527 F.2d 289, 296 (10th Cir. 1975) (noting, amongst other things, that the defendant "failed to establish the necessity of additional funds" beyond the maximum allowable under § 3006A(e)), *disapproved of on other grounds by United States*

*v. Sparrow*, 635 F.2d 794 (10th Cir. 1980); *United States v. Volpentesta*, No. 07 CR 50049, 2010 WL 11474541, at *2 (N.D. Ill. Oct. 22, 2010) (denying approval of compensation in excess of statutory maximum where no showing was made that the "amount is necessary to provide fair compensation for services of an unusual character or duration"); *United States v. DuBois*, No. 00-20027-JWL, 2001 WL 135841, at *2 (D. Kan. Feb. 8, 2001) (stating that "[d]efense counsel has presented no argument or evidence that the services provided . . . were of 'an unusual character or duration'"), *aff'd*, 25 F. App'x 764 (10th Cir. 2001); *United States v. Gaertner*, 432 F. Supp. 805, 809 (E.D. Wis. 1977) (authorizing investigative services, but declining to waive the maximum compensation permitted by § 3006A(e)(3) "in the absence of the showing required by the statute").

Here, the email requests forwarded by Defendant's standby counsel are not only procedurally deficient, but wholly fail to satisfy Defendant's burden. ███████████

███████████████████████████████████████████████████

███████████████████████████████████ Moreover, while Defendant has voiced his distrust for the Government's forensic imaging during several court appearances in this matter, the Court has received no reasoned basis to explain Defendant's suspicions, let alone to support a request for potentially wholly unnecessary reimaging for each of the seized devices. *See United States v. Wilson*, No. CR607-021, 2008 WL 2567040, at *1 (S.D. Ga. June 26, 2008) (noting that "it is unclear exactly what evidence defendant hopes to find . . . or how it would be helpful to his defense"); *see generally Bah*, 574 F.3d at 119. As one district judge aptly stated, "[t]he Court is not prepared to expend public funds on a 'wild good chase' based upon a generalized assertion

that defendant cannot locate evidence to contest the charges against him." *Wilson*, No. CR607-021, 2008 WL 2567040, at *1. In addition, because the estimated values provided by the expert may not necessarily reflect the full scope of work and the costs associated with a full forensic analysis, the Court has insufficient information to determine whether to approve the requested compensation at this time. *See United States v. Bays*, No. 3:13-CR-357-B (1), 2014 WL 12691743, at *5 (N.D. Tex. Apr. 10, 2014) (noting that the request for "$10,000.00 in compensation was an inexact estimate" and concluding that without "a more detailed and particular estimate of the compensation for [the expert] for which [the defendant] seeks funding and the services that [the expert] will provide" no "recommendation regarding the amount that should be authorized to pay [the expert] as fair compensation for his services to be provided" could be made).

Accordingly, to the extent the emails from Defendant's standby counsel could be construed as a request for funds in excess of the previously-approved $2,500, the request is "denied without prejudice to filing a proper motion *ex parte*, which must include sufficient detail for the Court to determine that 'the services are necessary' and that payment in excess of the statutory limit is 'necessary to provide fair compensation for services of an unusual character or duration.'" *United States v. Watkins*, No. 3:10-CR-00073-J-32, 2011 WL 766194, at *1 (M.D. Fla. Feb. 25, 2011) (quoting 18 U.S.C. § 3006A(e)(1) & (3)); *see Sanchez*, 912 F.2d at 22 ("[T]he trial court in probing the need for investigative aid may properly require that such need be established by sworn testimony presented ex parte." (quoting *Marshall v. United States*, 423 F.2d 1315, 1319 (10th Cir. 1970))); *see also United States v. Sutton*, 464 F.2d 552, 553 (5th Cir. 1972) ("The manifest

purpose of requiring that the inquiry be ex parte is to insure that the defendant will not have to make a premature disclosure of his case." (quotation omitted)). "[B]ecause this motion may be filed ex parte and under seal, the defendant will be required to give detailed and specific facts justifying the need" for the public funds he requests in excess of the statutory limit. *United States v. Conley*, No. 4:06-CR-088-Y, 2007 WL 9724437, at *2 (N.D. Tex. Mar. 26, 2007); *accord United States v. Solon*, 596 F.3d 1206, 1210 (10th Cir. 2010) ("The district court, understandably concerned by the high costs, altered its earlier approval of expenses and required [the defense expert] to provide the court with an 'affidavit itemizing expenses incurred on behalf of [Mr. Solon] prior to . . . preauthorization of expert expenses.' This change was intended to provide the court with a chance to 'scrutinize and approve reasonable expenses incurred,' and is consistent with the district court's discretion to approve expert fees under § 3006A(e)(3)."). Specifically, Defendant should fully explain the scope of work that has been agreed to between himself and his forensic expert, why he needs to forensically image all nine computer and mobile devices, whether he intends to seek funding for the forensic analysis of all nine devices and how much additional compensation that would entail, and what reasonable basis justifies the expenditure of public funds above the maximum compensation allowed under the CJA. "Defendant should also indicate the expert's hourly rate and the number of hours to be expended as well as a description of services that will be performed." *Watkins*, 2011 WL 766194, at *1.

Lastly, Defendant is advised that if he chooses to file an application for additional CJA funding consistent with this Decision and Order, the motion must be a formal motion

that he submits on his behalf, and not an email through his standby counsel. Although Ms.

Pieper may provide some assistance to Defendant in her limited role as standby counsel,

Defendant has chosen to proceed *pro se* and must file his motion himself. *See Clark v.

Perez,* 510 F.3d 382, 395 (2d Cir. 2008) ("Stand-by counsel's participation is limited in

two ways: (1) the defendant has the right to preserve actual control over the content of the

case presented to the jury, and so standby counsel is not allowed to 'make or substantially

interfere with any significant tactical decisions, or to control the questioning of witnesses,

or to speak instead of the defendant on any matter of importance'; and (2) standby counsel's

participation must not be allowed to destroy the jury's perception that the *pro se* defendant

is representing herself." (quoting *McKaskle v. Wiggins,* 465 U.S. 168, 178-79 (1984)));

*United States v. Green,* No. 3:12-CR-193 VLB, 2013 WL 6230091, at *2 (D. Conn. Dec.

2, 2013) (noting that standby counsel is "limited to serving as a resource to [the

d]efendant," and that where standby counsel is appointed, the "[d]efendant is in the driver's

seat"); *United States v. Dettelis,* No. 03CR62A, 2005 WL 8157495, at *1 (W.D.N.Y. June

30, 2005) ("Standby counsel aids the defendant if and when the accused requests help and

can facilitate the *pro se* defendant in exercising his right to represent himself and conduct

his own defense. That counsel's role is limited to preserve the defendant's actual control

over the case and its presentation to the finder of fact and to not destroy the perception that

the defendant is representing himself. (citations omitted)); *see also United States v.

Schmidt,* 105 F.3d 82, 90 (2d Cir. 1997) ("[A] standby counsel's duties are considerably

more limited than the obligations of retained or appointed counsel."); *see generally*

*McKaskle*, 465 U.S. at 183 ("A defendant does not have a constitutional right to choreograph special appearances by counsel.").

## CONCLUSION

For the foregoing reasons, Defendant's request for additional CJA funding in excess of the statutory limit is denied without prejudice to renewal by *ex parte* application under seal.

SO ORDERED.

___s/ Elizabeth A. Wolford___
ELIZABETH A. WOLFORD
United States District Judge

Dated:     April 30, 2019
            Rochester, New York